COMMONWEALTH *vs.* ABRAHAM MARKS.

The attorney for the defendant, having examined a letter which the district attorney offered to read at a criminal trial, said that he had no objection to its being read, but, after the district attorney had begun to read it, objected to its admission in evidence. The presiding judge, however, refused to stop the reading. *Held,* that such refusal, at that time, was matter of discretion, to the exercise of which no exceptions lay.

INDICTMENT for receiving stolen goods.   At the trial in the superior court, the defendant offered himself as a witness and testified in his own behalf.   Upon his cross-examination he was asked whether a certain letter (which was shown to him, and was signed by a person who did not appear to have any interest in these goods) was not taken from him by the officers at the time of his arrest, and he answered that it was.   The district attorney then began to read it, but, on the defendant's attorney asking to look at it, handed it to him.   After retaining the paper as long as he wished, he handed it back to the district attorney, saying, " I have no objection to its being read."   The district attorney proceeded to read it to the jury.   After the reading of the date and one or two sentences, the defendant's attorney objected to its admission as evidence in the case to be considered by the jury.   But *Rockwell,* J., overruled the objec-

tion, and admitted the paper. The defendant, being found guilty, alleged exceptions.

*F. F. Heard*, for the defendant, argued that the letter was irrelevant to the issue; that its admission was objected to by the defendant's counsel as soon as he discovered its immateriality; and that the objection had not been effectually waived; and cited *Regina* v. *Garbett*, 1 Denison, 236; *The Queen* v. *Whitehead*, Law Rep. 1 C. C. 33; *Martin* v. *Mackonochie*, Law Rep. 2 Adm. & Eccl. 209 note.

*C. Allen*, Attorney General, for the Commonwealth, did not argue the competency of the letter; but contended that, after the letter had been examined by the defendant's counsel, put in evidence and partly read with his consent, the refusal of the presiding judge to entertain an objection to its admission was within his discretion, to the exercise of which no exception lay. And of that opinion was THE COURT.

*Exceptions overruled.*