FANNY SMITH *vs.* ELIZABETH M. A. BURRILL.

Suffolk. March 16. — April 6, 1881. COLT, J., absent.

At the trial of an action for assault and battery, committed while the plaintiff was demanding a sum of money alleged to be due him from the defendant, evidence offered by the plaintiff to show an indebtedness from the defendant to him was excluded upon the defendant's motion. At a later stage of the case, the defendant offered to show that nothing was due from him to the plaintiff, and the judge excluded the evidence. *Held,* that the defendant had no ground of exception.

TORT for assault and battery.

At the trial in the Superior Court, before *Allen*, J., it appeared in evidence that, on April 15, 1875, the plaintiff, a laboring-woman, called at the defendant's house in Boston, and demanded of the defendant a sum of money, claiming it was due her as wages; and that, upon the plaintiff making such demand, the defendant became enraged and ordered the plaintiff to quit her house, and, while the plaintiff was leaving the house, she received injuries, which she alleged were occasioned by an assault and battery committed upon her by the defendant. The plaintiff offered evidence tending to show an indebtedness from the defendant to her; but this evidence was excluded.

The defendant then offered evidence tending to show that, at the time the plaintiff made the demand upon the defendant for money, there was nothing due the plaintiff, and that the plaintiff had never made any contract with the defendant by which she would be entitled to wages from the defendant; and the defendant stated, at the time of offering this evidence, that it was offered in mitigation of damages, with a view of showing that the circumstances under which the plaintiff demanded the money enraged and excited the defendant, and caused her to do the wrongful act complained of. But the judge excluded the evidence.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. L. Powers,* for the defendant, cited *Blake* v. *Damon,* 103 Mass. 199; *Marker* v. *Miller,* 9 Md. 338; *Bartram* v. *Stone,* 31 Conn. 159; *Lee* v. *Woolsey,* 19 Johns. 319.

*N. B. Bryant,* for the plaintiff.

MORTON, J. Assuming that evidence upon the question whether anything was due from the defendant to the plaintiff would ordinarily be admissible in aggravation or mitigation of damages, we are of opinion that the defendant had waived and lost her right to go into this issue by her conduct at the trial. The plaintiff, in making out her case, offered evidence to show an indebtedness from the defendant to her, which was excluded upon the objection of the defendant. At a later stage of the case, the defendant offered evidence to show that nothing was due the plaintiff. To admit the evidence might be unfair and unjust to the plaintiff, who might not be prepared at that time to meet an issue which, on the defendant's motion, had been excluded from the case. We think the defendant had waived and lost the right to insist upon introducing evidence upon this issue; and that its admission or rejection was within the discretion of the presiding justice, to the exercise of which no exception can be taken. *Commonwealth* v. *Marks*, 101 Mass. 31. *Shaw* v. *Stone*, 1 Cush. 228, 243. *Exceptions overruled.*